FILED

2026 Apr-07 PM 03:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:24-cr-435-ACA-NAD** |
| | ) | |
| **DAQWON DEANGELO THOMAS,** | ) | |
| **Defendant.** | ) | |

### OBJECTION TO PRE-SENTENCE INVESTIGATION REPORT

Pursuant to Federal Rule Criminal Procedure 32(f), Defendant Daqwon Deangelo Thomas, ("Defendant") provides objections and clarifications to the Pre-Sentence Investigation Report ("PSR") issued by the United States Probation Office on March 24, 2026.

### A. Background

Defendant, now 22 years old, entered a blind plea to one count of Conspiracy to Give False Statements to a Federal Firearms Licensee. Defendant agreed that he conspired with another individual to purchase two firearms for him from a licensed firearms dealer because he was under the age of 21 (then 19) and thus could not purchase firearms from such a dealer. Defendant is not a felon and has no criminal history. Neither firearm Defendant admitted to conspiring to purchase via his plea contained a Glock switch or was reported stolen. A separate firearm Defendant is alleged to have possessed at a later time allegedly was reported stolen and contained a Glock switch. Defendant was not charged with possession of this firearm because there is reason to believe that Defendant did not know it was either reported stolen or contained a Glock switch.

### B.  Offense Conduct Objection

1.    **Paragraphs 11–18:** Mr. Thomas objects to these paragraphs because they do not relate to the conduct to which he pled, and he did not admit to them in any plea agreement or as a result of his plea hearing.

2.    **Paragraph 19:** Mr. Thomas objects to this paragraph in part because it does not relate to the conduct to which he pled, and he did not admit to parts of it any plea agreement or as a result of his plea hearing.  Mr. Thomas admits that he was 20 years old at the time he purchased the charged firearms, and he admits he agreed with Co-Conspirator A to purchase them on his behalf from ATGK.

### C.  Offense Level Computation Objection

2.    **Paragraph 26:** Mr. Thomas objects to the applicability of USSG § 2K2.1(a)(5) because the firearms he conspired to purchase on December 28, 2022 (a Glock .40 caliber pistol—serial number XHU759) and April 28, 2023 (a Delton 5.56 caliber pistol—serial number DTI-5270380)—the conduct to which he pled—were not machine guns. Mr. Thomas maintains that his alleged possession of the Glock 27 containing a "switch" has not been established and is not relevant conduct for the crime to which he pled. Possession of the Glock 27 with the switch should not be considered in calculating Mr. Thomas's base offense level. Instead, Mr. Thomas contends that his base offense level should be determined pursuant to USSG § 2K2.1(a)(7) and should be 12.

3.    **Paragraph 27:** Mr. Thomas objects to the applicability of USSG § 2K2.1(b)(1)(A) because his alleged possession of the Glock 27 containing a "switch" has not been established and is not relevant conduct for the crime to which he pled. The offense to which he pled involved only two firearms. His alleged possession of the Glock 27 should not be considered a specific offense

characteristic for his offense. Mr. Thomas contends that his offense level should not be increased by two levels for an offense involving between three and eight firearms.

4.      **Paragraph 28:** Defendant objects to the applicability of USSG § 2K2.1(b)(4)(A). Paragraph 16 of the PSR indicates that the Glock 27 was stolen. But Mr. Thomas's alleged possession of the stolen Glock 27 has not been established and is not relevant conduct for the crime to which he pled. The nature of the Glock 27 as stolen should not be considered as a specific offense characteristic for Mr. Thomas's offense. Mr. Thomas contends that his offense level should not be increased by two levels.

5.      **Paragraph 36:** Defendant objects to the calculation of his total offense level as 19. Mr. Thomas contends that his total offense level should be 10.

6.      **Paragraphs 70 and 75:** Defendant objects to the calculation of a range of 30-37 months in Zone D.  At a total offense level of 10, and a CH category of I, the range is 6-12 within Zone B which allows for probation, home confinement, or a split sentence.

Respectfully submitted this the 7th day of April, 2025.

/s *Erica Williamson Barnes*
Erica Williamson Barnes
Attorney for Defendant

MAYNARD NEXSEN PC
1901 Sixth Avenue North
Suite 1700
Birmingham, Alabama 35203
Phone:  (205) 254-1114
Email: ebarnes@maynardnexsen.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have filed the above and foregoing, using the Court's electronic filing system, which will electronically serve a copy of the same to counsel of record, this the 7th day of April, 2026.

*/s Erica Williamson Barnes*
Of Counsel